# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| MEND VIP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MENDGROUP INC., <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Mend VIP ("Plaintiff"), by and through its attorneys, Maier & Maier PLLC, for its Complaint against Defendant Mendgroup Inc. ("**Defendant**"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally-registered trademarks and service marks MEND FAMILY, MENDFAMILY, and MENDRx under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of common law trademark infringement, unfair competition and trademark infringement under Delaware common law as codified in 6 Delaware Code Section 3312; and deceptive trade practices under 6 Delaware Code Section 2532, all arising from the Defendant's unauthorized

use of the mark MEND in connection with the distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's healthcare services and platform.

2. Plaintiff seeks injunctive and monetary relief.

**PARTIES**

3. Plaintiff Mend VIP is a corporation that is incorporated in Delaware and has its principal place of business in Orlando, Florida. Plaintiff has developed and offers to the public a fully integrated patient engagement and communications platform that facilitates interactions between patients and healthcare providers.

4. Upon information and belief, Defendant Mendgroup Inc. is a corporation that is incorporated in Delaware and has its principal place of business in Seattle, Washington. Upon information and belief, Defendant offers a technology platform that enables healthcare providers to diagnose and treat patients remotely.

**JURISDICTION**

1. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district.

# FACTUAL ALLEGATIONS

A.  Plaintiff and its MEND Marks

1. Plaintiff is a leading developer of a fully integrated patient engagement and communications platform that facilitates interactions between patients and healthcare providers.

2. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,223,686 on the Principal Register in the United States Patent and Trademark Office for the service mark MENDRX (hereinafter "**MENDRX Mark**") for healthcare in Class 044. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Registration No. 5,223,686, which was filed on April 20, 2015, and which issued by the United States Patent and Trademark Office on June 13, 2017.

3. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4,994,473 on the Principal Register in the United States Patent and Trademark Office for the service mark MENDFAMILY (hereinafter "**MENDFAMILY Mark**") for healthcare in Class 044. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's United States Registration No. 4,994,473, which was filed on April 20, 2015, and which issued by the United States Patent and Trademark Office on July 5, 2016.

4. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4,974,640 on the Principal Register in the United States Patent and Trademark Office for the service mark MEND FAMILY (hereinafter "**MEND FAMILY Mark**") for healthcare in Class 044. Attached as Exhibit 3 is a true and correct copy of the registration certificate for Plaintiff's United States Registration No. 4,974,640, which was filed on April 20, 2015, and which issued by the United States Patent and Trademark Office on June 7, 2016.

5. Plaintiff's CEO purchased the domain name www.mendvip.com in July 2014, and Mend VIP, was incorporated in Delaware on August 14, 2014. The website under www.mendvip.com was published on September 16, 2014, as shown below:



6. Plaintiff launched its Facebook page in September 2014, indicating that it was preparing to launch the MEND product in 2015, as shown below:



7. As a result of its widespread, continuous and exclusive use of the MEND Marks to identify its platform and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the MEND, MENDFAMILY, MEND FAMILY, and MENDRX Marks.

8. Plaintiff's MEND Mark is distinctive to both the consuming public and Plaintiff's trade.

9. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the platform sold under the MEND Mark. As a result of Plaintiff's efforts, the public has come to recognize and rely upon the MEND mark as an indication of the high quality associated with Plaintiff's healthcare software products.

10. Plaintiff provides its goods and services under the MEND Marks through its websites and application stores, including iTunes and Google Play.

11. Plaintiff previously applied for federal registration of the mark MEND and ![mend logo], Application Serial Nos. 86602937 and 86602928, for use with healthcare, namely, on-demand house call and in-office services in the field of primary care and urgent care. Attached hereto as Exhibits 4 and 5 are Trademark Electronic Search System (TESS) printouts showing the application data.

12. Plaintiff filed Application No. 87/178,174 for the mark ![mend logo] for use with "computer application software for mobile phones, namely, software for use in messaging, video conferencing, file sharing, data collection and database management in the field of professional-client interaction and case management" in Class 009 and "Platform as a service (PAAS) featuring computer software platforms for use in messaging, video conferencing, file sharing, data collection and database management in the field of professional-client interaction and case management; Software as a service (SAAS) services featuring software for

6

use in messaging, video conferencing, file sharing, data collection and database management in the field of professional-client interaction and case management" in Class 042. Attached hereto as Exhibit 6 is a Trademark Electronic Search System (TESS) printout showing the application data.

13.   On September 20, 2017, Defendant filed an Opposition against Plaintiff's Application No. 87/178,174, alleging a likelihood of confusion based on Defendant's alleged rights to the mark MEND. Attached hereto as Exhibit 7 is a copy of the Notice of Opposition.

14.   Plaintiff has continuously used the MEND Marks in relation to its healthcare platforms and services through use in commerce since at least as early as June 2015 and use analogous to trademark use since 2014.

B.   Defendant's Unlawful Activities

15.   Upon information and belief, Defendant is engaged in healthcare services, namely, providing real-time access to medical professionals by medical patients via telephone, video, email, mobile devices or a global computer network for the purposes of monitoring and diagnosing and advising regarding medical conditions.

16.   Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff's adoption and use of the MEND Marks, Defendant adopted and began using the mark MEND (hereinafter, the "**Infringing Mark**") in U.S. commerce.

17.   The Infringing Mark adopted and used by Defendant is incorporated in or identical to Plaintiff's MEND Marks.

7

18. Upon information and belief, Defendant has been providing, advertising, promoting, and otherwise offering healthcare services and platforms using the Infringing MEND Mark throughout the U.S., as demonstrated by the below webpage screenshots:

WWW.MENDGROUP.COM WEBSITE



9811420/1

# iTunes APP STORE



19. Upon information and belief, the services offered by Defendant under the mark MEND are provided using a platform and software similar to that provided by Plaintiff under the MEND mark.

20. Upon information and belief, Defendant has provided, advertised, promoted, offered for sale, and sold its goods and services under the Infringing Mark through similar channels of trade, including the iTunes App store.

21. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

22. On July 6, 2016, Defendant applied for registration of the mark MEND. On June 13, 2017, the USPTO issued Registration No. 5,221,411 to Defendant. Registration No. 5,221,411 is for the mark MEND used in relation to "healthcare services, namely, providing real-time access to medical professionals by medical patients via telephone, video, email, mobile devices or a global computer network for the purposes of monitoring and diagnosing and advising regarding medical conditions." The Registration claims October 12, 2014 as a date of first use anywhere and December 15, 2014 as a date of first use in commerce. Attached hereto as Exhibit 8 is a true and correct copy of Registration No. 5,221,411.

23. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's MEND Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to the Defendant.

24. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE**
**(Federal Trademark Infringement)**

25. Plaintiff repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

26. Plaintiff owns the MEND FAMILY, MENDFAMILY, and MENDRX Registrations.

27. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the MEND FAMILY,

11

MENDFAMILY, MENDRx Registrations and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

29. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

30. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition)

31. Plaintiff repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

32. Plaintiff has common law and federal trademark rights in its MEND Marks, which are uniquely associated with Plaintiff as a source of goods and services offered in connection with the MEND Marks.

33. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

12

34. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

35. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

36. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
**(Common Law Trademark Infringement and Unfair Competition)**

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Plaintiff has valid and superior common law rights in its MEND, MEND FAMILY, MENDFAMILY, and MENDRX Marks.

41. Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

42. On information and belief, Defendant acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's MEND FAMILY, MENDFAMILY, MENDRX, and MEND Marks without regard to the likelihood of confusion of the public created by Defendant's activities

43. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's MEND FAMILY, MENDFAMILY, MENDRX, and MEND Marks to the great and irreparable injury of Plaintiff.

44. As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum; however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs.

## COUNT FOUR
### (Delaware Deceptive Trade Practices)

45. Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46. Plaintiff has valid and superior common law rights in its MEND, MEND FAMILY, MENDFAMILY, and MENDRX Marks.

47. Defendant has engaged in deceptive trade practices through its unauthorized use of MEND pursuant to Plaintiff's MEND FAMILY, MENDFAMILY, MENDRX, and MEND Marks.

48. Defendant's actions are likely to cause confusion, deception, or misunderstanding and violate Del. Code Ann. tit. 6, Sections 2532(a)(1) - (3), (5) and (12).

49. Plaintiff is entitled to damages, trebled, attorneys' fees and costs for Defendant's willful conduct, and to injunctive relief pursuant to Del. Code Ann. tit. 6, Section 2533.

## COUNT FIVE
### (Unfair Competition Under Delaware Common Law)

50. Plaintiff repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth herein.

51. Plaintiff has valid and superior common law rights in its MEND, MEND FAMILY, MENDFAMILY, and MENDRX Marks.

52. Defendant uses the MEND Mark in connection with the offering for sale and advertising of its goods and services in Delaware and the United States. Such use is without Plaintiff's consent and is likely to cause confusion or to deceive consumers as to the source or origin of Defendant's goods or services, including causing initial interest confusion.

53. Upon information and belief, Defendant used the MEND Mark with knowledge that its use would cause confusion or deceive consumers.

54. Plaintiff is entitled to damages, profits, and injunctive relief pursuant to Del. Code Ann. tit. 6, Sections 3312-3314.

## **JURY DEMAND**

55. Plaintiff respectfully demands a trial by jury on all claims stated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Enter judgment in favor of Plaintiff, and against Defendant, on all counts.

2. Preliminarily and Permanently enjoin Defendant from directly or indirectly engaging in any further trademark infringement, unfair competition, or deceptive trade practices against Plaintiff, and from aiding, abetting, encouraging, or inducing another to do so.

3. Order an accounting and order Defendant to pay over to Plaintiff:

    a. All monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

    b. Damages incurred by Plaintiff, including enhanced damages (up to treble damages) as authorized by 15 U.S.C. 1117;

    c. Punitive and exemplary damages to be determined by the Court after a full hearing on the merits; and

    d. Plaintiff's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment and post-judgment interest.

4. Require Defendant to deliver to Plaintiff any and all materials bearing infringing or deceptively similar marks in Defendant's possession or under its control that are subject to the injunctive order of this Court.

5. Require Defendant to assign all rights, title, and interest in Trademark Registration No. 5,221,411 to Plaintiff or alternatively order the United States Patent and Trademark Office to cancel Registration No. 5,221,411.

6. Award Plaintiff any other or further relief that the Court deems just or appropriate.

Dated: October 30, 2017

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
**Morris James LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302.888.6800
kdorsney@morrisjames.com

*Attorneys for Plaintiff,*
*Mend VIP, Inc.*